UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAREXEL INTERNATIONAL (IRL) LIMITED,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLESTON LABORATORIES, INC.,<br><br>  Defendant. | CIVIL ACTION NO. 19-4774 |

# COMPLAINT

Plaintiff PAREXEL International (IRL) Limited ("PAREXEL") brings this action for breach of contract against Charleston Laboratories, Inc. ("Charleston Labs"). PAREXEL was hired by Charleston Labs to provide consulting services relating to drug development which included, among other things, an independent, mock FDA audit. PAREXEL performed that audit and fulfilled its obligations under the contract. Charleston Labs expressed dissatisfaction, however, not with PAREXEL's performance of the audit, but with the results of the audit. In short, Charleston Labs wants the audit yield results to be more favorable than they actually are and, absent a revsion of those results by PAREXEL, has refused to pay for even a portion of the audit work or other consulting work, even that unrelated to the audit, properly and fully performed by PAREXEL.

## THE PARTIES

1. PAREXEL International (IRL) Limited is an Irish corporation, registered at the address 70 Sir John Rogerson's Quay, Dublin 2, Ireland, that does business in New York.

1

2. Defendant Charleston Laboratories, Inc., is a Florida corporation, with a principal place of business located at 1001 N. US Highway 1, Suite 500, Jupiter, Florida, that, on information and belief, also does business in New York.

## JURISDICTION AND VENUE

3. Under section 19.5 of the Master Services Agreement entered into and between PAREXEL and Charleston Labs on or about May 10, 2016 ("MSA"), "[t]he parties hereby consent to the exclusive jurisdiction of the state and federal courts of New York," and, therefore, this Court has personal jursidiction over Defendant Charleston Laboratories, Inc.

4. Pursuant to the provisions of 23 U.S.C. § 1332, this Court has original jurisdiction over this action because the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Under section 19.5 of the MSA referenced above, venue is proper in this Court.

## FACTS

6. PAREXEL is a contract research organization providing a wide range of services for clinical research, drug development, medical communications, data management, market access planning, and other associated clinical trial management services throughout the world.

7. Charleston Labs is in the business of developing, manufacturing, and marketing pharmaceutical products.

8. On or about May 10, 2016, PAREXEL and Charleston Labs entered into the MSA whereby Defendant engaged PAREXEL to provide consulting services related to drug development.

9. Pursuant to section 2.1 of the MSA, PAREXEL provided services to Charleston Labs as set forth in work orders executed by both parties.

10. Under section 4.3 of the MSA, PAREXEL invoiced Charleston Labs pursuant to a payment schedule set forth in the applicable work orders.

11. Under section 4.3 of the MSA, payment to PAREXEL by Charleston Labs was due not later than 30 days from the date of the applicable PAREXEL invoice. Section 4.3 of the MSA further provides that: "If [Charleston Labs] identifies items in an invoice which are disputed, [Charleston Labs] will notify [PAREXEL] in writing, noting its objection to the disputed item(s) with specificity, within 10 business days of the date of the invoice."

12. Section 4.3 of the MSA also states: "Sponsor will pay any undisputed portions of any invoice per the agreed upon payment terms. Sponsor will pay interest on any unpaid, undisputed portion of an invoice at the rate of one percent (1%) per month, until such undisputed portion of such invoice(s) is paid in full."

13. On or about May 17, 2016, PAREXEL and Charleston Labs entered into a Work Order for Project No. 230337 ("230337 Work Order").

14. PAREXEL fulfilled its obligations under the 230337 Work Order

15. PAREXEL sent an invoice, dated September 28, 2016 (Invoice 12011009873, attached as Exhibit A), to Charleston Labs requesting payment of $10,520.00 by October 28, 2016, for work completed under the 230337 Work Order.

16. Charleston Labs did not notify PAREXEL in writing, with specificity, of objections to any disputed items in Invoice 12011009873 within 10 business days of September 28, 2016.

17. PAREXEL sent an invoice, dated June 30, 2018 (Invoice 12011039813, attached as Exhibit B), to Charleston Labs requesting payment of $45,487.50 by July 30, 2018, for work completed under the 230337 Work Order.

18. Charleston Labs did not notify PAREXEL in writing, with specificity, of objections to any disputed items in Invoice 12011039813 within 10 business days of June 30, 2018.

19. Charleston Labs has not paid the amounts referenced above which are due and payable for work performed and completed under the 230337 Work Order.

20. On or about November 13, 2017, PAREXEL and Charleston Labs entered into a Work Order for Project No. 237620 ("237620 Work Order").

21. PAREXEL fulfilled its obligations under the 237620 Work Order.

22. PAREXEL sent an invoice, dated May 18, 2018 (Invoice 12011036815, attached as Exhibit C), to Charleston Labs requesting payment of $29,337.62 by June 17, 2018, for work completed under the 237620 Work Order.

23. Charleston Labs did not notify PAREXEL in writing, with specificity, of objections to any disputed items in Invoice 12011036815 within 10 business days of May 18, 2018.

24. Charleston Labs has not paid the amount referenced above which is due and payable for work performed and completed under the 237620 Work Order.

25. On or about February 10, 2018, PAREXEL and Charleston Labs entered into a Work Order for Project No. 238310 ("238310 Work Order").

26. PAREXEL fulfilled its obligations under the 238310 Work Order.

27. PAREXEL sent an invoice, dated March 26, 2018 (Invoice 12011033249, attached as Exhibit D), to Charleston Labs requesting payment of $233,925.91 by April 25, 2018, for work completed under the 238310 Work Order.

28. Charleston Labs did not notify PAREXEL in writing, with specificity, of objections to any disputed items in Invoice 12011033249 within 10 business days of March 26, 2018.

29. PAREXEL sent an invoice, dated April 30, 2018 (Invoice 12011035702, attached as Exhibit E), to Charleston Labs requesting payment of $6,821.52 by May 30, 2018 for work completed under the 238310 Work Order.

30. Charleston Labs did not notify PAREXEL in writing, with specificity, of objections to any disputed items in Invoice 12011035702 within 10 business days of April 30, 2018.

31. PAREXEL sent an invoice, dated June 25, 2018 (Invoice 12011039429, attached as <u>Exhibit F</u>), to Charleston Labs requesting payment of $1,950.68 by July 25, 2018, for work completed under the 238310 Work Order.

32. Charleston Labs did not notify PAREXEL in writing, with specificity, of objections to any disputed items in Invoice 12011039429 within 10 business days of June 25, 2018.

33. Charleston Labs has not paid the amounts referenced above which are due and payable for work performed and completed under the 237620 Work Order.

34. PAREXEL is owed a total of $328,043.23 by Charleston Labs for work performed and completed under the MSA and Project Nos. 230337, 237620, and 238310.

## **COUNT ONE**
(Breach of Contract)

35. Plaintiff incorporates by reference as though fully restated herein the above paragraphs.

36. PAREXEL entered into an agreement with Charleston Labs, referred to herein as the MSA, which constitutes a valid and binding contract between PAREXEL and Charleston Labs. The MSA provides for the issuance of contractually binding work orders between PAREXEL and Charleston Labs.

37. PAREXEL has performed all its obligations under the MSA and Work Orders for Project Nos. 230337, 237620, and 238310.

38. Charleston Labs has not paid any of the invoices referenced above under the MSA and Work Orders for Project Nos. 230337, 238310, and 237620. Thus, Charleston Labs has breached its obligations under the MSA and Work Orders.

39. PAREXEL has been damaged by Charleston Labs' breach, which has deprived PAREXEL of $328,043.23 in revenue duly earned under the MSA and Work Orders, plus interest thereon.

5

40. Therefore, Charleston Labs is liable to PAREXEL for breach of Charleston Labs' contractual obligations under MSA and Work Orders for Project Nos. 230337, 237620, and 238310.

## COUNT TWO
(Breach of the Covenant of Good Faith and Fair Dealing)

41. Plaintiff incorporates by reference as though fully restated herein the above paragraphs.

42. When Charleston Labs engaged PAREXEL's services in performing an independent audit, it understood that PAREXEL's reasonable expectation was that it would be paid under the contract for performing the audit competently and in good faith, regardless of whether the outcome of the audit was favorable or unfavorable to Charleston Labs.

43. Charleston Labs did not act in good faith when it attempted to get PAREXEL to modify the findings of its audit by, in part, refusing to pay PAREXEL for its work until Charleston Labs was happy with the findings.

44. This conduct on the part of Charleston Labs deprived PAREXEL of substantial benefits that it reasonably expected from its contract with Charleston Labs.

## RELIEF REQUESTED

WHEREFORE, Plaintiff PAREXEL respectfully requests that this Court award the following relief:

(1) Enter judgment in PAREXEL's favor on each and every Count of the Complaint;

(2) Award PAREXEL damages in the amount of $328,043.23, plus pre-judgment and post-judgment interest;

(3) Award such other relief as PAREXEL may be able to demonstrate it is entitled to.

        PAREXEL International (IRL) Ltd.

        By its attorneys,

        <u>/s/ Michele E. Connolly</u>
        Kurt S. Kusiak (*pro hac vice* forthcoming)
        Michele E. Connolly
        Fitch Law Partners LLP
        One Beacon Street
        Boston, MA 02108
        T: (617) 542-5542
        F: (617) 542-1542
        ksk@fitchlp.com
        mec@fitchlp.com